Edward Bruce GFELL, a Minor, by his father and next best friend, Edward B. Gfell, Plaintiff,

v.

Bernard RICKELMAN et al., Defendants.

No. C 69–1007.

United States District Court, N. D. Ohio, E. D.

April 28, 1970.

E. Frank Jensik, Eugene Bayer, Cleveland, Ohio, for plaintiff.

Charles F. Clarke, William C. Hartman, George W. Pring, Squire, Sanders & Dempsey, John W. Jeffers, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

In December, 1969, Edward Bruce Gfell was suspended from West Geauga High School for failing to comply with the Dress Code of said school. In particular, Edward B. Gfell was suspended from school for having his hair cover his ears in violation of the Dress Code. Shortly after his suspension, Edward complied with the Dress Code by having his hair cut. He then was allowed back into school. On December 18, 1969, the plaintiff, upon behalf of his son, filed this suit seeking injunctive relief and a declaratory judgment that the Dress

Code in regard to hair was null and void as repugnant to the United States Constitution. On the same day, the plaintiff moved for a preliminary injunction. Pursuant to Fed.R.Civ.P. 65(a) (2) and with agreement of the parties, the Court ordered that the trial of the action on the merits be advanced and consolidated with the hearing on the motion for a preliminary injunction. The trial was held on January 14, 1970 wherein the Court heard arguments and received evidence. After the trial, the Court directed counsel to submit post-trial briefs. After reviewing the evidence, briefs and pleadings, the Court denies the plaintiff's requests for injunctive relief and for a declaratory judgment.

The Court finds that Edward Bruce Gfell has not been deprived of any constitutional rights with respect to the promulgation and enforcement of the hair length provision of the Dress Code. The Court further finds that the Dress Code, in regard to the hair length of male students, is not unreasonable, arbitrary, nor capricious. Rather, there is, and the Court so finds, a rational basis for this provision of the Dress Code. See Jackson v. Dorrier, 424 F.2d 213 (6th Cir., April 6, 1970); Wood v. Alamo Heights Independent School District, 308 F.Supp. 551 (W.D.Tex. Jan. 27, 1970); Stevenson v. Wheeler County Board of Education, 306 F.Supp. 97 (S.D.Ga. Nov. 17 1969); Leonard v. School Committee of Attleboro, 349 Mass. 704, 212 N.E.2d 468 (1965); Professor Haskell, Judicial Review of School Discipline, 21 Case Wes. L.Rev. 29, 38 (1970). As expressed by Judge Lawrence in the case of Stevenson v. Wheeler County Board of Education, supra:

"Among the things a student is supposed to learn at school (at least, such is my idea) is a sense of discipline. Of course, rules cannot be made by authorities for the sake of making them but they should possess considerable leeway in promulgating regulations for the proper conduct of students. *Courts should uphold them where there is any rational basis for the questioned*

*rule. All that is necessary is a reasonable connection of the rule with the proper operation of the schools.* By accepting an education at public expense pupils at the elementary or high school level subject themselves to considerable discretion on the part of school authorities as to the manner in which they deport themselves. Those who run public schools should be the judges in such matters, not the courts. The quicker judges get out of the business of running schools the better. * * * Except in extreme cases the judgment of school officials should be final in applying a regulation to an individual case." (Emphasis added.)

█ In the following respects, the provision of the Dress Code on the hair length of male students has a reasonable connection to the proper operation of West Geauga High School:

1. The provision of the Dress Code dealing with the hair length of male students tends to maintain discipline and order in the school. In this regard, it is significant to note that there have been disturbances at West Geauga High School which have been precipitated by the wearing of long hair by male students. The incidents involving Evan Rhodes and John Rose attest to this fact.

2. The provision of the Dress Code which concerns the length of hair of male students has a reasonable relationship to the prevention of safety hazards. In particular, long hair creates a safety hazard in the industrial arts courses. Approximately, one-third of the male students in West Geauga High School are enrolled in such courses.

3. The Dress Code in regard to the length of hair of male students has a reasonable relationship to the athletics program of West Geauga High School. In this regard, among other things, the high school athletic association to which West Geauga High School belongs prohibits the wearing of long hair for those competing in wrestling.

4. The provision of the Dress Code which regulates the hair length of male students has a reasonable relationship to the teaching of proper grooming, discipline and etiquette. It is well to remember that in addition to its educational function, the school's mission is also to teach proper discipline, etiquette and grooming. The provision in question provides such a vehicle. Moreover, it is worthy of emphasis that the grooming standards in the Dress Code were promulgated by the student body of West Geauga High School with the approval of the school administration. This promulgation of the Dress Code by the student body dispels any contention of arbitrariness or of capriciousness. Who is better able to judge the proper standards of dress and of grooming for students than students themselves?

Notwithstanding the above findings and in addition thereto, the Court finds that the officials of West Geauga High School acted within the proper scope of their authority in enforcing the Dress Code. They have exercised their judgment in regard to the operation of West Geauga High School within constitutional limitations. The enforcement of the Dress Code and, in particular, the provision concerning the length of hair of male students, in no way interferes with the constitutional rights and prerogatives of the students of West Geauga High School. As noted previously, in addition to the educational function, the school's mission is also to teach discipline, etiquette and grooming. To these ends, the Dress Code has a real and reasonable relationship.

█ Courts, moreover, should ever be cautious of interfering with the proper mission and function of the educational system. Such interference could dilute the authority of the educational system and in turn, undermine the effectiveness of the schoolmaster and teacher. We have become a great nation because of the genius of the American educational system. Judicial interference with the

proper mission and function of the educational system could sound the death knell of this system which has served this country so well for so long.

This cause is dismissed.

It is so ordered.