Stanley **RUMLER**, a minor by his father and next friend, Harold Rumler, Frankie Nichols, a minor, by his father and next friend, James Nichols, on their behalf and on behalf of all those similarly situated, Appellants,

v.

**BOARD OF SCHOOL TRUSTEES FOR LEXINGTON COUNTY DISTRICT NUMBER ONE, Appellees.**

**No. 71–1086.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1971.

Decided Feb. 19, 1971.

---

954

Laughlin McDonald and Jack F. McGuinn, Columbia, S.C. (James A. Rebholz, Milwaukee, Wis., Melvin Wulf, and Joel Gora, New York City, on brief), for appellants.

J. Means McFadden, Columbia, S.C. (T. H. Rawl, Jr., Lexington, S.C., and Robinson, McFadden, Moore & Pope, Columbia, S.C., on brief), for appellees.

Before CRAVEN and BUTZNER, Circuit Judges, and MILLER, District Judge.

PER CURIAM:

This is the first long hair case to reach the Fourth Circuit but it comes to us factually undeveloped. There has been no hearing below on the merits of the restrictive regulations of Lexington County School District No. 1 regarding hair length of male students. The students appeal from denial of their motion for a preliminary injunction. Applying standard rules of procedure, 3 Barron & Holtzoff, Federal Practice & Procedure, § 1431 et seq. (Wright ed.), we affirm without reaching the merits.

It is impossible to accurately predict the probability of ultimate success in bringing the length of one's hair within the constitutional "right to be left alone." Olmstead v. United States, 277 U.S. 438, 478, 48 S.Ct. 564, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting). The four circuits that have considered the merits are split. Compare Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970) and Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), cert. denied, 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268 (1970) with Jackson v. Dorrier, 424 F.2d 213 (6th Cir. 1970) and Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir.), cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed. 2d 125 (1968). We are reluctant to decide a constitutional question in a new context without a full record disclosing the facts.

Nor do we think that appellants presently make out a case of irreparable injury. Rumler and Nichols have cut their hair and been readmitted to school. An agreement has been reached with school officials that Rumler and Nichols will be allowed to make up the mid-term exams that they have missed during their suspension. The passage of time which causes appellants' hair to inch down to the point where they will once again come into conflict with the school officials will also operate to advance the calendar of the court below toward a point where a full determination on the merits can be had. Since at least two circuit courts have determined that a student's decision as to hair length is a fundamental constitutionally protected right that need not yield to school regulation, we think the court below should advance this case on the calendar so that a final decision will predate appellants' next involuntary trip to the barber shop.

The district court's denial of a preliminary injunction is hereby

Affirmed.