441 F.2d 444
 Edward Bruce GFELL, a minor by his father and next best friend Edward B. Gfell, Plaintiff-Appellant,
v.
Bernard RICKELMAN, individually and as Principal of West Geauga High School, Robert McGraw, individually and as Assistant Principal of West Geauga High School, Robert C. Lindsey, individually and as Superintendent of West Geauga High School, Defendants-Appellees.
 No. 20586.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1971.
 
 Eugene Sidney Bayer, American Civil Liberties Union, Cleveland, Ohio, for plaintiff-appellant.
 Charles F. Clarke, Cleveland, Ohio, for defendants-appellees; William C. Hartman, George W. Pring, Squire, Sanders & Dempsey, Cleveland, Ohio, on brief.
 Before MILLER and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.
 WILLIAM E. MILLER, Circuit Judge.
 
 
 1
 This appeal is from the dismissal of a suit challenging the constitutionality of the following rule of the West Geauga High School, Chesterland, Ohio:
 
 
 2
 1. Boys should be clean shaven (no beards or moustaches).
 
 
 3
 2. Hair and sideburns must be clean and wellgroomed. Sideburns should be neatly trimmed and should not exceed in length to the bottom of the ear and one inch in width.
 
 
 4
 3. The back hair length should not exceed the top of the collar (the determining factor being a standard dress shirt with the top button open).
 
 
 5
 4. The hair should not cover the ear and should be worn out of the eyes, thinned to avoid heavy matting and curling in the back.
 
 
 6
 Appellant was a student in his senior year at the West Geauga High School in 1969-70 during which time the above rule was in effect as part of the student dress code made available to all students in the school handbook. On December 5, 1969, appellant was suspended from the school by the appellees Rickelman and McGraw for failure to conform with the hair rule. The suspension was preceded by a warning from McGraw on December 1 and further counseling by him with appellant on December 3. The suspension was carried out in accordance with state statutory authority. Ohio Rev.Code § 3313.47, and followed the prescribed procedure, Ohio Rev.Code § 3313.66 (Supp. 1969).
 
 
 7
 The dress code of which the rule is a part was promulgated under authority of the rules of the Board of Education of West Geauga Local School Board, Art. V, § VIII, authorizing the principal of each school to determine standards of dress and personal appearance for students. We are thus not concerned with the problem in Cordova v. Chonko, 315 F.Supp. 953 (N.D.Ohio 1970) where a hair regulation was struck down as beyond the express authority of the principal in the particular school system. Further, it appears that the dress code in West Geauga High School is a product of student, faculty, and administration cooperation subject to continual review by a policy review board having a student majority.
 
 
 8
 The complaint alleged that the rule was unconstitutional facially and as applied in contravention of rights secured by the first, fourth, fifth, sixth, eighth, ninth, tenth and fourteenth amendments to the Constitution and sought declaratory and injunctive relief. The District Court held a hearing and then entered a Memorandum Opinion and Order dismissing the complaint, 313 F.Supp. 364. This appeal followed.[1]
 
 
 9
 Following a recent decision of this court in Jackson v. Dorrier, 424 F. 2d 213 (6th Cir. 1970), cert. denied, 400 U.S. 850, 91 S.Ct. 55, 27 L.Ed.2d 88 (1970), the District Court found that the hair length provision of the dress code did not deprive appellant of any constitutional rights and was not unreasonable, arbitrary, or capricious, and further that there was a rational basis for the provision when considered in light of the functions and purposes of the school. We affirm.
 
 
 10
 Although we think the instant case is controlled by Jackson v. Dorrier, supra, we take this opportunity to reaffirm the principles of that decision. We are unable to agree with some courts that the freedom of choosing one's hair style is a fundamental right protected under the principles expressed in the separate opinions in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). See, e. g., Breen v. Kahl, 296 F.Supp. 702 (W.D.Wisc.), aff'd, 419 F. 2d 1034 (7th Cir. 1969). We have previously relied on Ferrell v. Dallas Independent School District, 261 F.Supp. 545 (N.D.Texas 1966), aff'd, 392 F.2d 697 (5th Cir. 1968), cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968), in holding that the principles of Griswold were inapplicable. The Fifth Circuit has commented on its decision in Ferrell in subsequent language which we approve:
 
 
 11
 This court held in Ferrell v. Dallas Independent School District [citation omitted] * * * that it was proper for school authorities to establish rules and regulations in the interest of school management and this included a hairstyle regulation. We have not denied school authorities in this circuit the right to promulgate reasonable regulations concerning hairstyles. Such regulations and regulations which deal generally with dress and the like are a part of the disciplinary process which is necessary in maintaining a balance as between the rights of individual students and the rights of the whole in the functioning of schools. The touchstone for sustaining such regulations is the demonstration that they are necessary to alleviate interference with the educational process. Ferrell v. Dallas Independent School System, supra, at p. 703. That such regulations may be necessary and, if so, that they may be promulgated and enforced, is also clear from the tenor of Tinker v. Des Moines [Independent] Community School District, 1969, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731. Griffin v. Tatum, 425 F.2d 201, 203 (5th Cir. 1970).
 
 
 12
 See also Stevenson v. Board of Education, 426 F.2d 1154, 1156 (5th Cir. 1970).
 
 
 13
 In the instant case the District Court found that there was a reasonable relationship between the rule adopted by West Geauga High School and the maintenance of discipline, promotion of safety in certain courses, and the furtherance of valid educational purposes, including the teaching of grooming, discipline, and etiquette. Although the testimony was in conflict below, we think that these findings are supported by the evidence. There was testimony concerning two occasions when long-haired students were threatened with physical abuse by students bent on giving them haircuts. There was evidence that long hair was forbidden or discouraged for participation in sports. There was also evidence that safety in industrial arts classes required a short haircut. We do not agree with the apparent contention of appellant that the reasonableness of the rule should be judged only in relation to the activities of a particular student. Rather, reasonableness is to be assessed in the context of the general purposes of the school itself.
 
 
 14
 Turning briefly to the other alleged constitutional defects raised by the appellant, we are of the view that no serious question under the first amendment has been raised in this case. Cf. Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Guzick v. Drebus, 431 F.2d 594 (6th Cir. 1970), cert. den. 401 U.S. 948, 91 S.Ct. 941, 28 L.Ed.2d 231; Richards v. Thurston, 424 F.2d 1281, 1283 (1st Cir. 1970). We further find that the disciplinary procedures followed by the school authorities complied with the requirements of procedural due process under the fourteenth amendment. Jackson v. Dorrier, supra, 424 F.2d at 218. Nor do we find a violation of the equal protection clause of the fourteenth amendment. Id. The argument that the right of a student to determine his own hair length is a matter of substantive due process is without merit, Ferrell v. Dallas Independent School District, supra. The action of the District Court in dismissing the action should be affirmed.
 
 
 15
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although it appears that the appeal could possibly be moot since appellant was a high school senior in 1970, we will not so treat it since the District Court, in the event of a reversal, would still have jurisdiction to consider an award of damages pursuant to 28 U.S.C. § 2202 as a means of redress