### Caspar v. Micken

*Michael B. Kean,* for plaintiff.

*William H. Lamb* and *Susan P. Windle,* for defendants.

MARRONE, J., April 8, 1971.—On March 24, 1971, this court issued an injunction restraining defendants from prohibiting the attendance in classes by plaintiff, John Caspar, for an alleged violation of the school dress regulations in regard to hair length. A hearing was held and the question to be determined is whether or not the injunction should be continued, modified or dissolved.

Testimony before the court discloses that there exists in the Downingtown Area School District a set of "dress regulations." The preamble recites that "good grooming and practical dress will be encouraged at all times. Inasmuch as school should be thought of as a place where good grooming is essential, the following regulations are proposed by a representative group of the faculty and student body."

The regulations were adopted by a committee consisting of students, faculty members, and administrators. The student members of this committee were appointed by the president of the student council who was elected by all the students. Also recommended by the council president were the faculty members to serve on this committee. In addition, an administrator from each of the four schools comprising the junior and senior high schools in the area served as members.

After much discussion, a code was agreed upon and this was submitted to the School Board of the Downingtown Area School District. The board, at a meeting held on February 11, 1970, approved the adoption of the dress code for a period of two years.

Plaintiff here is a 13 year old male student. He is a member of the seventh grade class at Lionville Junior High School and became aware of the regulations on the first day of school, having been advised of them by the principal of that school, Thomas Stoner. The evidence discloses that plaintiff was in violation of the provision of the dress code involving hair length on at least three occasions starting in November, 1970. On two prior occasions, after having been given reasonable time to do so, he had his hair cut to within the required length. However, on February 23, 1971, he again was advised he was in violation of the code and on this occasion he refused to comply with the regulations. There followed the usual administrative procedures ending with a hearing before the School Board. Follow-this he was excluded from school.

Plaintiff complains that he has been unlawfully prevented from attending school in that the regulation allegedly broken by him is illegal and unconstitutional on its face. In addition, the complaint alleges that the regulation denies him rights secured by the constitution and statutes of the Commonwealth of Pennsylvania, and further denies him due process, equal protection, freedom of expression, his right of privacy and privileges or immunities secured by both the Constitutions of the United States and the Commonwealth of Pennsylvania.

This court again is faced with the consideration of whether school authorities may properly enact and enforce regulations concerning the clothing pupils may wear or otherwise regulating matters going to

the personal appearance of the students. In this case the section of the regulations under attack is as follows:

"Boys must be clean shaven with sideburns of reasonable length. Mustaches of extreme proportions and beards are prohibited. Hair should be washed, combed, and worn so it does not hang below the collar line in the back, over the ears on the sides, or below the eyebrows."

Our court has already decided that the imposition of a restriction on appearance by reason of the length of a boy's hair which exceeded that permitted in a school dress code was an illegal exercise of regulation of the appearance of a student: Cirker v. Yohe, et al., 19 Ches. Co. Rep. 52 (1969). However, since that decision the issue has been raised often and discussed by not only local courts but our federal courts all over the country.

Cirker properly decided that there were no constitutional grounds involved in that case. This view has been echoed in many cases since then: Gere v. Stanley, 320 F. Supp. 852, page 855 (M. D. Pa., (1970)). Recently Mr. Justice Black of the Supreme Court of the United States, acting as the Supreme Court Justice assigned to the Court of Appeals of the Fifth Circuit, refused to vacate a stay of injunction pending an appeal in the case involving the hair length of a student. Intimating that it was an area of local concern he expressed the opinion that neither the due process nor equal protection clauses of the Constitution forbid the enforcement of local rules requiring public school students not to wear hair hanging over their collars or obstructing their vision: Karr v. Schmidt (as yet unreported). Plaintiff here stresses his reliance on the Cirker case, (supra), and has indicated to the court that his main avenue of attack is

that the regulation is one which is unreasonable and not necessary for the conduct of school business nor can it contribute in any way to good deportment of pupils attending the public schools.

What must be decided here is whether or not the regulation in question is one that is reasonable regarding the conduct and deportment of all pupils attending the public schools in the district.

The statutory provision involved provides that "the board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper . . . regarding the conduct and deportment of all pupils attending the public schools in the district, *during such time as they are under the supervision of the board of school directors and teachers":* Act of March 10, 1949, P. L. 30, Art. V, sec. 510, as amended, 24 PS §5-510. (Italics supplied.) We stress the latter part of this statutory provision because the Cirker case, supra, placed much importance on the fact that the regulation in question, i.e., cutting a boy's hair to the necessary length, had a decisive effect beyond the school. Therein it was stated that "to prohibit a length of hair in class is necessarily to prevent the length worn at any time or place, and hence so much more the reasonable degree of purpose required." The instant regulations are distinguishable in that they do not require a cutting of the hair to the required length. On the contrary the regulations say only that the hair should be washed, combed and worn so it does not hang below the collar line in the back, over the ears on the sides or below the eyebrows. This being so, it does not necessarily regulate the length of hair off the school premises. It falls more in the categories of the examples given in Cirker whereby a prohibition on smoking might be reasonable since when the pupil leaves the grounds he may

smoke, or if there is a rule prohibiting attending school bare to the waist a boy need only remove his shirt as he leaves the grounds. That this is defendants' interpretation of the regulation is proven by the testimony which indicates that there are male students in attendance at the Downingtown Area Junior-Senior High School whose natural growth of hair exceeds the limitations of the regulation but who either wear wigs or take other measures to conform with the regulations. Thus, upon leaving the gounds, there is not the deleterious effect discussed in Cirker.

As stated earlier, our only function at this stage of the proceedings is to decide whether to continue the injunction against defendant school district. Plaintiff admittedly has worn and is wearing his hair at a length in excess of the standards promulgated by the joint efforts of the students, faculty and administrative forces of the school district. Having decided that Cirker is not controlling, a consideration of a line of cases since Cirker leads us to the conclusion that there is no irreparable harm here nor will any irreparable harm follow plaintiff's forced adherence to the dress code of the school district.

The United States District Court for the Western District of Pennsylvania in Lovelace v. Leechburg Area School District, et al., 310 F. Supp. 579 (1970), found a dress code to be reasonable and valid which prohibited mustaches in the high school. In that case as in the many other cases, the court stated that skirt length, hair style, and similar matters of appearance and deportment are not expressions of speech. It is not the same situation as the arm bands worn in school in Tinker v. DesMoines School District, 393 U.S. 503, 89 S. Ct. 733 (1969). Even the Tinker case points out that the court was not dealing with noncommunicative matters such as dress, hair style and the like.

In Stevenson v. Board of Education of Wheeler County, 426 F. 2d 1154 (1970), the United States Circuit Court of Appeals for the Fifth Circuit sustained a "good grooming" rule of a school district in that it was founded on a rational basis and was not arbitrarily applied and that shaving was a part of "good grooming." Again in Jackson v. Dorrier, 424 F. 2d 213 (1970), the United States Court of Appeals for the Sixth Circuit held that high school officials and the Board of Education were authorized to interpret a school board's regulation that pupils shall observe "modesty, appropriateness, and neatness in clothing and personal appearance," so as to prohibit male students from wearing long hair. (In the Dorrier case the students alleged infringements of their rights under the First, Third, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution. All were held to be without merit).

Here we see no First Amendment consitutional issue involved. As a matter of fact, even though the complaint alleges an infringement of plaintiff's constitutional rights, he, himself, was frank enough to say that he wore his hair as he does because "he likes it that way." Nor do we see any other constitutional provision involved.

Turning to the real issue in this case, i.e., whether the provision of the fashion code is a reasonable regulation based upon a legitimate state interest in the orderly administration of the school system, we must look to the evidence presented before this court. Various witnesses for the school district appeared and presented their reasons for sustaining the reasonableness of the regulation as it applied to hair styles. They described the problems encountered in shop and metal working classes, in gym classes and other instances of where hair falling over the eyes of the student may

lead to injuries. We realize that many of the problems can be averted by the use of caps, headbands, rubber bands, hairpins or many other methods employed to insure against accidents. However, particularly at this stage of the proceedings, our consideration is only whether plaintiff is entitled to have this injunction continued because excluding him from the school system may work an irreparable injury to him. To do so we must balance the alternatives open to him as well as to the school district. The testimony indicates that other students in the school have hair of the same or perhaps longer length than this student. However, at least five male students have taken to complying with the hair code by wearing wigs which keep the hair length within the bounds of the regulation. We do not deem it unreasonable for this plaintiff to take similar measures to comply with the code pending final determination of the issue.

In passing it should be mentioned that we are troubled by the ever-growing trend to resort to the courts in matters which involve the administration of the educational process. Even in the much celebrated Tinker case, supra, the court has emphasized the need for affirming the comprehensive authority of the State and school officials, consistent with fundamental constitutional safeguards to prescribe and control conduct in the schools. From the testimony before us, having found no violation of constitutional rights, we cannot hold the regulation to be unreasonable. As heretofore stated it was adopted by a committee primarily chosen by the president of the student council who herself was elected by the entire student body. This is not a case such as Richards v. Thurston, 304 F. Supp. 449 (1969), where there was no dress code involved. Nor is it a case that confers arbitrary discretion upon the principal of the school.

Here the student was amply notified of the regulation. There were conferences followed by a full hearing before the school board and thus we see no violation of due process.

Recognizing social changes and changes in hair style and many other changes with which we are confronted today we find that a certain degree of regulation, particularly in matters involving school children, is necessary. Before this court interposes itself in the operation of a public school system much more need be shown. "Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values": Jackson v. Dorrier, supra. We are also somewhat impressed with the language of the court in Griffin v. Tatum, 425 F. 2d 201 (1970). In holding that it was proper for a school district to establish rules and regulations, including a hair style regulation, that court said:

". . . Such regulations and regulations which deal generally with dress and the like are a part of the disciplinary process which is necessary in maintaining a balance as between the rights of individual students and the rights of the whole in the functioning of schools."

The regulation being attacked here is even more specific than those in the cases cited herein and in other cases in which the problem of long hair has been raised. This plaintiff had knowledge of and fully understood the regulations. It has been applied indiscriminately. He has been afforded due process. Accordingly, it is the view of this court that he is no longer entitled to injunctive relief against its enforcement.

## ORDER

And now, April 8, 1971, the injunction entered March 24, 1971, is hereby dissolved.