**David GARRETT, Plaintiff,**

v.

**CITY OF TROY et al., Defendants.**

**Civ. A. No. 34727.**

United States District Court,
E. D. Michigan, S. D.

April 26, 1972.

George M. Maurer, Jr., Zwerdling, Maurer, Diggs & Papp, Detroit, Mich., for plaintiff.

Stanley E. Burke, Burke & Sawyer, Troy, Mich., for defendants; Timothy K. Carroll, Martin C. Weisman, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., of counsel.

OPINION

RALPH M. FREEMAN, Chief Judge.

This action is brought under 42 U.S.C. §§ 1981 and 1983 and 28 U.S.C. § 1343 against the City of Troy, Frank Gerste-

necker, the City Manager, and City of Troy Civil Service Board and its members to challenge the validity of plaintiff's discharge from employment with the City. Plaintiff was dismissed for wearing a moustache and sideburns, allegedly in violation of a City regulation on employee neat appearance and good grooming. Both parties have agreed that, although the plaintiff has the right to determine his own appearance, the City may limit that right by reasonable regulations for the benefit of the public. Thus, plaintiff challenges the reasonableness of the application of the regulation to him, and not the validity of the regulation itself. The basis of plaintiff's complaint is that he was deprived of due process under the Fourteenth Amendment (1) because he was not given sufficient notice of the regulation's application to him; and (2) because the regulation was applied to him in an arbitrary and unreasonable manner.

## PROCEDURAL DUE PROCESS

Plaintiff's first contention is that he was not afforded ample notice of his violation of the regulation nor ample opportunity to refute the contention of the City. The facts surrounding plaintiff's dismissal indicate the contrary. Plaintiff began growing his moustache in February or March of 1969. On July 28, 1969, the Troy City Commission adopted the following resolution: ·

RESOLVED, That the City of Troy Personnel Rules and Regulations be amended with the addition of Subsection E to Section IX to read as follows:

"All of the employees in the Classified Service of the City of Troy are expected, as part of their responsibility in City employment, to meet reasonable standards of neat appearance and good grooming appropriate to the various classification in which they are employed and to the degree of public contact involved in these classifications." (Plaintiff's Exhibit 2).

It is not disputed that this regulation applied to the plaintiff, but he does not claim that it was enacted because of his appearance. Sometime in August, 1969, Mr. Graham, the Director of Public Works, called the plaintiff into his office to discuss plaintiff's moustache. Plaintiff asked that the meeting be postponed in order that a Union steward might be present at any meeting between plaintiff and an agent of the City. This request was granted. Later in August, the plaintiff met with Mr. Graham, along with Mr. McFayden, President of Local 574 of the American Federation of State, County and Municipal Employees. At that meeting, the plaintiff was informed that his moustache did not meet the standards of the Civil Engineering office, and that, unless he cut it off or trimmed it, he would be suspended without pay for two days. On August 28, 1969, Mr. Graham wrote a letter to the plaintiff summarizing the discussion at that meeting. In addition, plaintiff was advised in that letter that, if he returned from the Labor Day Weekend, on Tuesday, September 2, 1969, without having trimmed his moustache and sideburns adequately, he would be suspended without pay for two days. Plaintiff returned to work on the 2nd of September without altering his appearance, and was suspended for two days without pay. In a letter dated September 2, 1969, Mr. Graham wrote to the plaintiff advising him of his suspension and further stating that, if plaintiff reported to work on Thursday, September 4, 1969, without complying with the City's standards on grooming, his dismissal would be requested.

Plaintiff returned to work on September 4, 1969. He had trimmed his moustache, but not in an amount agreeable to the City. Mr. Garrett, Mr. Graham, and Mr. McFayden met in the office of Mr. Hynes, who was then acting City Manager. Plaintiff was asked to trim the moustache to within some area of the mouth. He refused to do so and was then fired. A letter dated September 4, 1969 was sent to plaintiff from Mr. Graham confirming the results of this meeting. Following his termination, plaintiff's grievance was prosecuted by

the Union through all six steps of the grievance procedure provided by the collective bargaining agreement in existence between the City and plaintiff's union. The procedure ended in a hearing before the Civil Service Commission in which the Commission upheld the dismissal and suspension of the plaintiff.

■ Under these circumstances, this court does not find any violation of procedural due process. In Lucia v. Duggan, 303 F.Supp. 112 (D.Mass.1969), the plaintiff, a public school teacher, was terminated for failing to shave his beard. In that case, the court found that plaintiff was unaware of the charges against him and unaware that his refusal to remove his beard would result in his dismissal. Moreover, the school had no written or announced policy against the wearing of beards by teachers. Under these circumstances, Judge Garrity found a violation of procedural due process requiring plaintiff's dismissal to be held null and void. Unlike *Lucia,* plaintiff in the case at bar was terminated under an existing regulation of which he had notice. He was also clearly notified of the charge against him. He also knew, unlike the plaintiff in *Lucia, supra,* of the consequences that would follow continued violation of the regulation. Plaintiff had full knowledge of the charge against him and was given several opportunities to remedy his conduct and prevent penalties from being assessed. Moreover, after his termination, he engaged in full appeal procedures to the Civil Service Commission as provided under the Union Contract.

This court finds from this evidence that the City of Troy exerted great diligence to protect plaintiff's right to adequate notice and holds that there was no violation of procedural due process.

## SUBSTANTIVE DUE PROCESS

Plaintiff's second contention is that the City acted in an arbitrary manner in applying the regulation to him in violation of his right to substantive due process. To quote from plaintiff's trial brief, it is his contention that "The public benefits to be derived from the defendant City's standards of appearance and grooming were not diminished by plaintiff's appearance".

The regulation, which is set out above, clearly was concerned with the appearance of Troy employees who had contact with the public. Plaintiff, who was classified as an Engineering Assistant I, was required to handle some citizen complaints and to meet with contractors and builders. Although it is clear that these were not his only duties, there was sufficient testimony from which the court finds that the plaintiff did have frequent contact with the public.

Two of the witnesses at the trial testified that they observed reactions of the public to the plaintiff's appearance. Mr. Courtney, then Director of Finance, testified that he observed two men coming from the Engineering Counter who were laughing and otherwise commenting about plaintiff's moustache. In addition, Mr. Hynes, who is no longer employed by the City of Troy, testified that he observed several members of the public and their reactions to the plaintiff's appearance, which were unfavorable. Specifically, he received a verbal complaint about plaintiff's appearance from one person visiting the City in the summer of 1969.

In addition, Mr. Ratcliff, Mr. Courtney, Mr. Hynes, and Mr. Graham testified as to complaints made to them by other employees of the City. In general, the comments of the employees can be summarized as indicating a concern with the effect of plaintiff's appearance on the public.

On the basis of these facts, the City of Troy determined that the plaintiff's appearance was in violation of the City regulation on employee grooming. It is plaintiff's contention that the City could not, under these circumstances, find a violation of the regulation and that its application to him was arbitrary.

■ The essence of substantive due process is that a person be protected from arbitrary action. 16 Am.Jur.2d, Constitutional Law, § 550. In this case, the

plaintiff admits that the regulation on employee appearance was proper and reasonable, but contends that its application to him was arbitrary. In Jackson v. Dorrier, 424 F.2d 213 (6th Cir. 1970), a case involving the expulsion of students from school for refusing to trim their long hair, the court found that the evidence before the court and the school established the fact that the students' long hair disrupted classes and, therefore, the application of the school regulation on dress was permissible. The court found no violation of substantive due process under those circumstances.

■ In the case before this court, there is every indication that the City acted in good faith. The sole reason for plaintiff's termination was the appearance of his moustache and sideburns. Moreover, this court finds that the action of the Civil Service Commission, in upholding the dismissal and suspension of the plaintiff, to be significant. The members of this Commission were not employees or officials of the City, but were a neutral body to whom plaintiff and defendant had agreed to submit their grievances. This court finds that the City acted on the basis of substantial evidence that plaintiff's appearance drew unfavorable comments from the general public and from city employees which interfered with the proper functioning of the City. Under these circumstances, the City could reasonably find plaintiff to be in violation of the regulation. Its action was not arbitrary; therefore, this court finds no violation of plaintiff's rights to substantive due process.

■ These are the only issues raised by plaintiff. Nowhere does he claim that his right to grow a moustache is a fundamental right demanding that the City show a compelling interest in regulating plaintiff's conduct. To the contrary, plaintiff admits that the City has the right to regulate grooming and appearance. Moreover, plaintiff does not assert that his right to grow a moustache and sideburns is supported by any other right under the Constitution, as, for example, the First Amendment right to free expression. In fact, uncontradicted evidence at the trial indicated that the plaintiff grew the moustache for no particular reason other than he simply wanted a moustache. As pointed out in *Jackson, supra,* not every reason for growing long hair is protectable. There, the court said

> The record supports the finding of the District Judge that Jackson and Barnes pursued their course of personal grooming for the purpose of enhancing the popularity of the musical group in which they performed. We agree with Judge Gray that "the growing of hair for purely commercial purposes is not protected by the First Amendment's guarantee of freedom of speech".

Mr. Courtney testified that, upon meeting the plaintiff shortly after he was terminated, the plaintiff said that he did not resent his being fired because the publicity would further his career as a painter. In addition, at the time plaintiff was fired, Mr. Hynes testified that the plaintiff said he would have been disappointed if he had not been fired. These comments do not indicate that the plaintiff was seeking to protect a valuable constitutional right. Moreover, prior to his termination, but after the City had requested plaintiff to trim his moustache, plaintiff allowed a local newspaper to take his picture for the purpose of publicizing plaintiff's differences with the City. We find that plaintiff's behavior indicates more of a concern with notoriety and publicity than with protecting his constitutional rights.

This court, having found no violation of the Fourteenth Amendment right to due process, must deny plaintiff's claim for relief.

An appropriate order may be submitted.