730 F.2d 1395
 16 Ed. Law Rep. 1116
 Jonathan DAVENPORT, a minor, by his next friend and father,
James H. DAVENPORT; Micky Lazar O'Neal, a minor,
by his next friend and father, Lawrence
O'Neal, Plaintiffs-Appellants,
v.
RANDOLPH COUNTY BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 83-7127.
 United States Court of Appeals,
Eleventh Circuit.
 April 26, 1984.
 
 Sherri T. Powell, Solomon S. Seay, Jr., Montgomery, Ala., for plaintiffs-appellants.
 Lewis H. Hammer, Roanoke, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.
 KRAVITCH, Circuit Judge:
 
 
 1
 The plaintiffs, Jonathan Davenport and Micky Lazar O'Neal, are high school students who brought suit to challenge the "clean shaven" policy of defendant Ronald Watters, coach of the football and basketball teams at Randolph County High School (RCHS). Defendant Watters suspended Davenport from the RCHS basketball team in December 1981 for refusing to shave and barred both plaintiffs from participating on the football team for the 1982 season because of their refusal to abide by his grooming policy.
 
 
 2
 Defendant Watters' grooming policy prohibited team members from having beards, wearing mustaches extending beyond the corners of their mouths, or growing sideburns below the ear lobes. The plaintiffs' fathers approved of their sons' decisions not to abide by the coach's policy because they had suffered skin problems when shaving as youths and thus did not want their sons to shave. Defendant Randolph County School Board first considered the issue in March 1982 and recommended that coaches not require a minor to shave if the parents objected. At a later meeting, however, the Board reversed its position and endorsed Coach Watters' "clean shaven" policy. Plaintiffs proceeded to institute this suit pursuant to 42 U.S.C. Sec. 1983 and the fourteenth amendment, requesting declaratory judgment and issuance of an injunction to prevent the defendants from refusing to allow the plaintiffs to participate in athletics at RCHS.[1]
 
 
 3
 The plaintiffs contend that the "clean shaven" policy is unconstitutional because it is arbitrary and unreasonable to require fourteen and fifteen year-old adolescents to shave in order to participate in high school athletics. This court has previously ruled that in the high school environment there is "a per se rule that [grooming regulations] are constitutionally valid." Karr v. Schmidt, 460 F.2d 609, 617 (5th Cir.1972) (en banc);[2] see also, Stevenson v. Board of Education of Wheeler County, Georgia, 426 F.2d 1154 (5th Cir.), cert. denied, 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970) ("clean shaven" policy not irrational). The rule announced in Karr is founded on the premise that grooming regulations are a "reasonable means of furthering the school board's undeniable interest in teaching hygiene, instilling discipline, asserting authority, and compelling uniformity." Domico v. Rapides Parish School Board, 675 F.2d 100, 102 (5th Cir.1982) (discussing holding in Karr ).
 
 
 4
 This case falls squarely within the holdings of Karr and Stevenson. The district court found that the policy was "adopted to accomplish the legitimate objective of presenting the school in the light deemed most favorable to the school by the students and coaches at the school." The court further found, and the plaintiffs do not disagree, that there was no evidence that the policy was racially motivated.
 
 
 5
 The plaintiffs attempt to distinguish the above cases primarily on the ground that their objections to the grooming code are based on a concern that shaving will cause them skin problems.[3] The plaintiffs' fathers testified that they had suffered such problems as youths, and the district court recognized that blacks are prone to such medical problems. No evidence, however, was presented to the court or the school board that the plaintiffs themselves would be likely to suffer from such problems, and defendant Watters testified that he would not enforce the policy if it would have injurious results. Without such medical evidence, we find it unnecessary to decide whether enforcement of the "clean shaven" policy in such a context would amount to a constitutional violation outside the holding of Karr's per se rule. Cf. Karr, 460 F.2d at 617 n. 26 (per se rule does not apply if grooming policy has arbitrary effect or is discriminatorily enforced).
 
 
 6
 Finally, the plaintiffs argue that the "clean shaven" policy deprives them of property without due process of law because their inability to participate in high school athletics diminishes their chances of receiving athletic scholarships to college. This court has held that "[t]he privilege of participating in interscholastic activities must be deemed to fall ... outside the protection of due process." Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155, 1158 (5th Cir.1970); see also Walsh v. Louisiana High School Athletic Association, 616 F.2d 152, 159 (5th Cir.1980) ("A student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement.") We fail to perceive any principled distinction for due process purposes between the effect of the eligibility rules in Mitchell and Walsh in barring athletic participation and the plaintiffs' refusal to abide by the grooming regulations resulting in their ineligibility to compete in high school sports.
 
 
 7
 Having found that the disputed policy is within the school board's power to regulate grooming and that the plaintiffs have not proven unique circumstances that would render the policy arbitrary or unreasonable, the district court's denial of relief is AFFIRMED.
 
 
 
 [1]
 Plaintiff O'Neal no longer attends RCHS, but was in attendance at the time of the incidents in question
 
 
 [2]
 The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981
 
 
 [3]
 The plaintiffs make two additional arguments in an attempt to distinguish the cases. First, they argue that the relevant focus here is whether there is a rational link between athletic performance and requiring a student to shave. The argument, however, ignores the district court's finding that the policy was aimed not at athletic performance but at presenting the school in a favorable light. Second, they contend that because RCHS is the only school in the county with a "clean shaven" policy, they have been denied equal protection relative to other county student-athletes. The argument fails to realize, however, that Karr and Stevenson stand for the proposition that grooming regulations at the high school level do not deprive the plaintiffs of any constitutionally recognized rights in the first place. It would be anomalous, therefore, to hold that the plaintiffs have no constitutional right to not shave, but if other schools do not adopt such a policy the plaintiffs' refusal to shave is transformed into a constitutionally protected activity