**Warren HARPER, et al., Plaintiffs,**

**v.**

**EDGEWOOD BOARD OF EDUCATION, et al., Defendants.**

**No. C–1–86–0278.**

United States District Court, S.D. Ohio.

March 18, 1987.

Mary Soter, Dayton, Ohio, for plaintiffs.

R. Gary Winters, Cincinnati, Ohio, James Michael, Hamilton, Ohio, for defendants.

ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on motions for summary judgment by defendants Edgewood Board of Education, Dr. Roger Compton, Gene Smith, Dr. John Burly, M. Phillip Stroup, Jean Hanselman, Stephen Hester, Edith Pate and Kenneth Ziegler (hereinafter the "Edgewood defendants") (doc. no. 21) and by defendants Miami University and Clyde E. Banks Jr. (doc. no. 23). Plaintiffs, Warren Harper and his sister Florence Harper, brought this action alleging violations of and conspiracy to violate plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, because they were not permitted to attend the Edgewood High School Prom dressed in clothing of the opposite sex. Plaintiffs also allege state claims of assault and battery and false arrest against Officer Clyde E. Banks and Miami University.

### I. Facts

On the evening of May 18, 1985, Warren and Florence Harper arrived at Miami University in Oxford, Ohio to attend the Edgewood High School Junior-Senior Prom. Warren Harper was a senior at Edgewood High School at that time and had purchased tickets for the prom in advance. Warren Harper arrived at the prom attired as a woman, wearing earrings, stockings, high heels, a dress and a fur cape. Florence Harper wore a black tuxedo and men's shoes.

Upon plaintiffs' arrival, Gene Smith, the high school principal, asked to speak with Mr. Harper and directed him to an area separated from the corridor by glass doors. There, Mr. Smith and Roger Compton, the school superintendent asked Mr. Harper to change his clothes. Mr. Harper refused, and plaintiffs took their leave from Mr. Smith and Mr. Compton and entered the ballroom. Shortly thereafter, at the request of the Edgewood School officials, a Miami University police officer escorted plaintiffs from the prom.

Plaintiffs allege that defendants' actions deprived them of their constitutional rights in violation of 42 U.S.C. §§ 1981, 1983 and 1985 and further allege pendant state law claims against Miami University and Officer Banks.

### II. Summary Judgment

In ruling on a motion for summary judgment, the Court must determine whether there is no genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Moreover, the Court must look at the record in the light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

The Court has considered the briefs, pleadings and other documents filed in this case and concludes that the facts material to the Court's determination are undisputed. The Court will address the parties legal arguments as to each of plaintiffs' claims separately.

## A. *42 U.S.C. § 1981*

Plaintiffs' complaint does not allege a specific violation of 42 U.S.C. § 1981, rather it states that section 1981 is a basis for the Court's jurisdiction. Moreover, plaintiffs allege no facts which constitute a violation of section 1981.

42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

■ It is well settled that section 1981 applies to race discrimination. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Givan v. Greyhound Lines, Inc.*, 616 F.Supp. 1223 (S.D.Ohio 1985). Plaintiffs are white and do not allege that defendants discriminated against them based on their race. Therefore, defendants' motions for summary judgment on plaintiffs' section 1981 claims are granted and such claims are hereby dismissed.

## B. *42 U.S.C. § 1983*

Plaintiffs allege that defendants violated their constitutional rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

The Supreme Court has held that "First Amendment rights, applied in light of the special characteristics of the school environment, are available to teachers and students." *Tinker v. Des Moines School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). The Court added, however, that school officials have "comprehensive authority" subject to constitutional safeguards, "to prescribe and control conduct in the school." Citing *Tinker*, the United States Court of Appeals for the Sixth Circuit has upheld school grooming codes regarding hair length as reasonably related

to "the maintenance of discipline, promotion of safety ... and the furtherance of valid educational purposes, including the teaching of grooming, discipline and etiquette." *Gfell v. Rickelman*, 441 F.2d 444 (6th Cir.1971); *see also Melton v. Young*, 465 F.2d 1332 (6th Cir.1972) (school authorities may proscribe certain dress to stave off potential danger).

■ In the present case, the school board's dress regulations are reasonably related to the valid educational purposes of teaching community values and maintaining school discipline. *See Davenport v. Randolph County Board of Education*, 730 F.2d 1395 (11th Cir.1984); *Jackson v. Dorrier*, 424 F.2d 213 (6th Cir.1970), *cert. denied*, 400 U.S. 850, 91 S.Ct. 55, 27 L.Ed.2d 88 (1971). Therefore, the school officials did not violate any rights plaintiffs might have under the First Amendment by prohibiting them from attending the Junior-Senior Prom dressed as members of the opposite sex.

■ Plaintiffs also claim that defendants deprived plaintiffs of their liberty without due process of law by falsely arresting and imprisoning them, and by removing them from the prom. In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the United States Supreme Court held that an action under section 1983 for deprivation of property without due process does not lie where the state provides an adequate postdeprivation remedy for the alleged tort. In *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985) the Sixth Circuit extended that rationale to limit section 1983 actions where liberty interests are involved. Clearly, Ohio common law provides a remedy for false arrest and/or false imprisonment if such claims can be proved. Moreover, plaintiffs have failed even to plead the inadequacy of state processes. Therefore, plaintiffs have no cause of action under section 1983 against the Edgewood defendants, Officer Banks or Miami University for deprivation of liberty without due process. *See also Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Can-*

*non*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (also apparently extending this limitation sub silentio).

■ Plaintiffs final claim under section 1983 is that the Edgewood defendants violated plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment because defendants allowed female students to wear dresses and male students to wear tuxedos to the prom but did not allow Warren Harper to wear a dress or Florence Harper to wear a tuxedo to this event. This claim must also fail. The school dress code does not differentiate based on sex. The dress code requires all students to dress in conformity with the accepted standards of the community. In upholding a regulation concerning the length of hair for male students only, the Sixth Circuit noted that "such regulations and regulations which deal generally with dress and the like are a part of the disciplinary process which is necessary in maintaining a balance as between the rights of individual students and the rights of the whole in the functioning of schools." *Gfell*, 441 F.2d at 446, *quoting Ferrell v. Dalls Independent School System*, 392 F.2d 697, 703 (5th Cir.), *cert denied*, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968). *See also Jackson v. Dorrier*, 424 F.2d 213 (6th Cir.1970) *cert. denied* 400 U.S. 850, 91 S.Ct. 55, 27 L.Ed.2d 88 (1971) (upholding principal's interpretation of school board regulation that pupils shall observe modesty, appropriateness and neatness in clothing and personal appearance so as to prohibit male students from wearing long hair).

## C. *42 U.S.C. § 1985*

■ Plaintiffs allege that the Edgewood defendants, Officer Banks and Miami University conspired to interfere with plaintiffs' civil rights. 42 U.S.C. § 1985(3) prohibits any conspiracy to deny a plaintiff equal protection, where a coconspirator injures the plaintiff while acting to further the conspiracy. In *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the United States Supreme Court held that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class based invidiously discriminatory animus behind the conspiracy action." Neither homosexuals, nor transvestites, nor those in sympathy with them are a "class" within the meaning of § 1985(3). *DeSantis v. Pacific Telephone & Telegraph Company, Inc.*, 608 F.2d 327 (9th Cir.1979). Moreover, this Court has held that the school officials actions in implementing the school dress code did not deny plaintiffs equal protection of the law. Therefore, defendants are entitled to summary judgment on plaintiffs section 1985 claim.

## III. Conclusion

Finding no infringement of plaintiffs' constitutional rights, the Court reiterates the statement of the Court of Appeals for the Sixth Circuit that "the responsibility for maintaining proper standards of decorum and discipline and a wholesome academic environment ... is not vested in the federal courts, but in the principal and faculty of the school...." *Jackson v. Dorrier, supra* at 218–19.

For the foregoing reasons, defendants' motions for summary judgment on claims under 42 U.S.C. §§ 1981, 1983 and 1985 are granted and such claims are hereby dismissed. Furthermore, no federal claim survives, the Court declines to exercise jurisdiction over plaintiffs' claims under state law, and such claims are hereby dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

IT IS SO ORDERED.