**Jay NEUHAUS, a minor, by and through his Guardian ad litem, Mr. Jim Neuhaus, et al., Plaintiffs,**

v.

**Robert TORREY, individually and as Superintendent of Education of the Tamalpais Union High School District, et al., Defendants.**

No. C–70–304.

United States District Court, N. D. California.

March 10, 1970.

## MEMORANDUM AND ORDER DENYING PRELIMINARY INJUNCTION

GEORGE B. HARRIS, Chief Judge.

Plaintiffs seek injunctive and declaratory relief to redress the deprivation of an alleged right secured to plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction is conferred by 28 U.S.C. Section 1343 and 42 U.S.C. Section 1983.

Plaintiffs further seek relief respecting a regulation of the School District, adopted pursuant to the California Education Code (Sections 10604 and 10609), which provides in part:

*"Grooming Regulations.*

(a) Each athlete will be well groomed and neat in appearance at all times.

(b) Each athlete will be clean shaven.

(c) The hair will be out of the eyes, trimmed above the ears and above the collar in the back.

Willful violation of the rules by any athlete will lead to his suspension from all athletic competition during the season in which the rules-infraction occurred."

Plaintiffs concede that they are in violation of the said rule and exceed the standards therein set forth. They further allege that they will be unable to compete in field, track and other athletic competition unless the rule is enjoined.

The Court has considered the testimony of a number of witnesses, including team coaches, called by the parties. In addition, the briefs and lengthy oral arguments have been noted. Authority was granted the California Coaches Association and the American Civil Liberties Union to file briefs *amici curiae* and to argue the cause at length.

The question posed on this motion for preliminary injunction is whether the defendants have discharged the burden of justifying the rule on a rational and reasonable basis. Breen v. Kahl, D.C., 296 F.Supp. 702, 709; Griffin v. Tatum, D.C., 300 F.Supp. 60, 62, 63; Olff v.

Paul N. Halvonik, American Civil Liberties Union of Northern California, San Francisco, Cal., Robert B. McCreadie, Novato, Cal., for plaintiffs.

Douglas J. Maloney, County Counsel, Richard V. Godino, Asst. County Counsel, San Rafael, Cal., for defendants.

J. Stewart Harrison, Charles E. Hanger, Brobeck, Phleger & Harrison, San Francisco, Cal., for California Coaches Assn.

East Side Union High School District, D.C., 305 F.Supp. 557.

■ Further, it should be observed at the threshold that this is a case of first impression in an area involved with the sensitive, delicate and demanding role of athlete and coach. It appears that the regulation is made applicable only to those male students participating in extracurricular athletic competition. The alternatives are merely to forego an athletic competition or trim the hair above the collar and around the ears for a few months during a particular athletic season. There is no comparable rule sought or applicable to the student body at large.

The convincing testimony offered by the defendants through the medium of coaches and others demonstrated:

That athletic programs provide a unique form for the development of discipline, individual sacrifice and team work not available in other school programs;

That long hair could adversely affect performance in certain track events, particularly for sprinters;

Also, that excessive hair length could interfere with the performance of swimmers, gymnasts, wrestlers and basketball players.

Although there were divergent views with respect to "morale" in the enforcement of the rule, the several coaches called by the defendants considered the enforcement of such regulations as legitimate means of building team morale, discipline and team spirit.

It is particularly important to observe that the rule under attack was not the mere *ipse dixit* of a school principal or superintendent, nor does it represent the unbridled sanction of a committee seeking to impose discipline for the sake of discipline and conformity alone. Richards v. Thurston, D.C., 304 F.Supp. 449, 454.

It is most persuasive and important to observe that after thorough consideration involving the community, the educators, coaches, students and administrators, the Board of Trustees chose to reaffirm the grooming rule that had been applicable to student athletes at Redwood High School throughout the years. The record is barren of any evidence that this was an arbitrary and capricious decision. Akin v. Board of Education of Riverside, etc. District, 262 Cal. App.2d 161, 167, 68 Cal.Rptr. 557; Ferrell v. Dallas Independent School District, 5 Cir., 392 F.2d 697, 702.

The Court in *Ferrell* clearly observes the sensitive area involved when a court attempts to balance the elemental rights which are implicit in this controversy:

"This case brings into focus a sensitive area of the law. Constitutional issues which arise under the Bill of Rights have been before the courts many times. The decided cases clearly demonstrate that each case must be decided in its own particular setting and factual background and within the context of the entire record before the court in determining whether the rule or the action about which complaint is made is arbitrary, capricious, unreasonable or discriminatory." (p. 702)

It should be noted that the Supreme Court of the United States gave tacit approval to Ferrell in Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 507, 508, 89 S.Ct. 733, 21 L.Ed.2d 731.

In these parlous, troubled times when discipline in certain quarters appears to be an ugly word, it should not be considered unreasonable nor regarded as an impingement of constitutional prerogatives, to require plaintiffs to bring themselves within the spirit, purpose and intendments of the questioned rule.

■ This Court does not believe that the application of the rule, under all of the circumstances and in the setting of this case, approximates constitutional proportions, and the Court so holds.

Further, there is a reasonable probability in the present posture that the case, if tried on the merits, would be decided adversely to the plaintiffs.

Accordingly, the motion for preliminary injunction is denied, and the temporary restraining order vacated, annulled and set aside.

The foregoing memorandum of decision embraces and contains the Court's findings of fact and conclusions of law in conformity with F.R.Civ.P. Section 52(a).