Billie K. FREEMAN, Guardian of Terry Freeman et al., Plaintiffs-Appellants,

v.

Almon FLAKE et al., Defendants-Appellees.

Al WHITE, a Minor, by his Father, V. T. White, Plaintiff-Appellee,

v.

BOARD OF EDUCATION OF HOBBS MUNICIPAL SCHOOL DISTRICT NO. 16 et al., Defendants-Appellants.

Gregory A. CRANSON and Randall J. Cranson, Minors, by and through their Natural Guardian, Walter N. Cranson, Plaintiffs-Appellants,

v.

EAST OTERO SCHOOL DISTRICT R-1 et al., Defendants-Appellees.

Nos. 71-1007, 71-1051 and 71-1072.

United States Court of Appeals, Tenth Circuit.

Sept. 28, 1971.

James N. Barber, Salt Lake City, Utah (Richard M. Day, Salt Lake City, Utah, on the brief), for plaintiffs-appellants in No. 71–1007.

Felshaw King, Clearfield, Utah (William H. King, Clearfield, Utah, on the brief), for defendants-appellees in No. 71–1007.

Joel M. Gora, American Civil Liberties Union Foundation, New York City, and Dan McKinnon, III, Albuquerque, N. M. (Melvin L. Wulf, New York City, and Paul A. Phillips, Albuquerque, N. M., on the brief), for plaintiff-appellee in No. 71–1051.

Mack Easley, of Easley & Reynolds, Hobbs, N. M., for defendants-appellants in No. 71–1051.

Stephen F. Williams, Boulder, Colo., for plaintiffs-appellants in No. 71–1072.

Benjamin L. Craig, Denver, Colo. (Peter M. Eggleston, Denver, Colo., and Ralph N. Wadleigh, La Junta, Colo., on the brief), for defendants-appellees in No. 71–1072.

Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Regulation of hair styles of male students in state public schools is becoming a matter of major concern to federal courts if one is to judge by the ever-increasing litigation on the subject or by the days of court time expended, and the lengthy briefs presented, in the cases now before us. We are convinced that the United States Constitution and statutes do not impose on the federal courts the duty and responsibility of supervising the length of a student's hair. The problem, if it exists, is one for the states and should be handled through state procedures.

We have three cases, one each from Utah, New Mexico, and Colorado. In each, one or more students were suspended for violation of the school regulation on the length of hair of male students. Jurisdiction is asserted under 28 U.S.C. § 1343 and the claims are based on § 1 of the Civil Rights Act of 1871, now 42 U.S.C. § 1983. Although the regulations differ in language, they essen-

tially require that the hair should not hang below the collar line in the back, the ears on the side, or the eyebrows in front. The evidence need not be detailed. It is remarkably similar in each case. The students desired to express their individualities and the school boards offered justification for the regulations. No claim is made of any racial or religious discrimination. We find nothing in the record to indicate that the hair regulations were motivated by other than legitimate school concerns. The federal district courts in Utah, 320 F. Supp. 531, and Colorado upheld the regulations and in New Mexico the regulation was rejected as infringing on constitutional rights.

The federal circuits are sharply divided on the constitutionality of regulations pertaining to the length of the hair of male students in state public schools. The students have prevailed in the First and Seventh Circuits. See Richards v. Thurston, 1 Cir., 424 F.2d 1281; Breen v. Kahl, 7 Cir., 419 F.2d 1034, cert. denied 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268; and Crews v. Cloncs, 7 Cir., 432 F.2d 1259. The school regulations were upheld in the Fifth, Sixth, and Ninth Circuits. See Stevenson v. Board of Education of Wheeler County, Georgia, 5 Cir., 426 F.2d 1154, cert. denied 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed. 2d 265; Ferrell v. Dallas Independent School District, 5 Cir., 392 F.2d 697, cert. denied 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125; Jackson v. Dorrier, 6 Cir., 424 F.2d 213, cert. denied 400 U.S. 850, 91 S.Ct. 55, 27 L.Ed.2d 88; Gfell v. Rickelman, 6 Cir., 441 F.2d 444; and King v. Saddleback Junior College, 9 Cir., 445 F.2d 932. In Griffin v. Tatum, 5 Cir., 425 F.2d 201, the court held invalid that portion of a regulation which required that the back hair be tapered rather than blocked.

No apparent concensus exists among the lawyers for the students as to what constitutional provision affords the protection sought. Reliance is variously had on the First, Fourth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution of the United States and on the penumbra of rights assured thereby. The uncertainty of position complicates, rather than clarifies, the issue. The briefs and arguments for the students cavalierly dismiss, or entirely fail to discuss, the problem of federal intervention in the control of state schools in the absence of a direct and positive command stemming from the federal constitution. The hodgepodge reference to many provisions of the Bill of Rights and the Fourteenth Amendment shows uncertainty as to the existence of any federally protected right.

All of the briefs for the students rely on Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731, and Griswold v. Connecticut, 381 U.S. 479, 85 S. Ct. 1678, 14 L.Ed.2d 510. Tinker was concerned with the suspension of three students for wearing to school black armbands to publicize their objection to Vietnam hostilities. The Court held that the conduct was within the protection of the Free Speech Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment. The Court said that the wearing of armbands was closely akin to pure speech and that, 393 U.S. 507–508, 89 S.Ct. 737:

> "The problem posed by the present case does not relate to regulation of the length of skirts or the type of clothing, to hair style, or deportment."

■■ We believe that the effect of this statement is to eliminate hair style from any impact of the decision. The wearing of long hair is not akin to pure speech. At the most it is symbolic speech indicative of expressions of individuality rather than a contribution to the storehouse of ideas. With reference to symbolic speech, the Supreme Court said in the draft card burning cases, United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672:

> "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the

person engaging in the conduct intends thereby to express an idea."

■ Recognition of the principle that neither students nor teachers "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate," 393 U.S. at 506, 89 S.Ct. at 736, does not mean that the First Amendment contains an express command that the hair style of a male student in the public schools lies within the protected area.

■ Griswold held that a Connecticut statute forbidding the use of contraceptives violated the right of marital privacy which is within the penumbra of specific guarantees of the Bill of Rights. 381 U.S. at 481–486, 85 S.Ct. 1678, 14 L.Ed.2d 510. We agree with the Ninth Circuit that the conduct controlled by the hair style regulations "is not conduct found in the privacy of the home but in public educational institutions where individual liberties cannot be left completely uncontrolled to clash with similarly asserted liberties of several thousand others." King v. Saddleback Junior College, 9 Cir., 445 F.2d 932, p. 938 and authorities cited in note 11. A school regulation on the length of a student's hair is not comparable to a state statute regulating behavior in the privacy of a bedroom.

Perhaps the strongest constitutional argument which can be made on behalf of the students is based on the "liberty" assurance of the Due Process Clause of the Fourteenth Amendment. It was on this ground that the First Circuit held for the student in Richards v. Thurston, see 424 F.2d at 1284–1286, a case in which no justification was offered for the regulation. Reliance on justification carries with it the concept that a regulation affecting the due process guarantee of liberty depends for its validity on the reasonableness of the limitation placed on the regulated conduct. The evanescent nature of this standard is illustrated by the three cases before us. On unsurprisingly similar justifications two federal district courts upheld the regulations and one held to the contrary.

■ We doubt the applicability of the test of reasonableness in the determination of the nebulous constitutional rights here asserted. The issue should not turn on views of a federal judge relating to the wisdom or necessity of a school regulation controlling the length of hair worn by a male student in a state public school. In Ferguson v. Skrupa, 372 U.S. 726, 730, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93, the Court said that the courts will not "substitute their social and economic beliefs for the judgment of legislative bodies." The same principle is pertinent to dress codes of school boards. We do not read Griswold v. Connecticut as overruling Ferguson v. Skrupa. The Griswold decision turned on the specific issues there presented. See 381 U.S. at 482, 85 S.Ct. 1678, 14 L.Ed.2d 510.

■ The remedy provided by § 1983 is supplementary to any pertinent state remedy. See Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492. The proliferation of litigation resulting from the expanded use of § 1983 is apparent to anyone familiar with the reported decisions of the courts of the United States. The existence of the § 1983 remedy does not require that federal courts entertain all suits in which unconstitutional deprivations are asserted. A federal constitutional question must exist "not in mere form, but in substance, and not in mere assertion, but in essence and effect." Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co., 252 U.S. 388, 397, 40 S.Ct. 404, 408, 64 L.Ed. 626.

■ The states have a compelling interest in the education of their children. The states, acting through their school authorities and their courts, should determine what, if any, hair regulation is necessary to the management of their schools. In speaking of judicial interposition in the operation of the public school systems, the Supreme Court said in Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228:

"By and large, public education in our Nation is committed to the control

of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values."

 Whether the allegations of a complaint state a claim for relief is a question of law. Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939. Complaints which are based on nothing more than school regulations of the length of a male student's hair do not "directly and sharply implicate basic constitutional values" and are not cognizable in federal courts under the principles stated in Epperson v. Arkansas. It follows that each of the complaints with which we are concerned should have been dismissed for failure to state a claim on which relief can be granted.

The judgments of dismissal in No. 71–1007, the Utah case, and in No. 71–1072, the Colorado case, are severally affirmed. In No. 71–1051, the New Mexico case, the judgment is reversed and the case remanded with directions to dismiss.

Winter, Circuit Judge, dissented and filed opinion.