**John E. ZELLER and Hazel H. Zeller, on behalf of their son, Brent Zeller, a minor, 17 years of age,**

**v.**

**DONEGAL SCHOOL DISTRICT et al.**

**Civ. A. No. 71-2411.**

United States District Court, E. D. Pennsylvania.

Oct. 26, 1971.

## MEMORANDUM

BRODERICK, District Judge.

This matter was before the Court for a hearing on a Petition for a Preliminary Injunction on October 22, 1971. Prior to the hearing, defendant moved for a judgment on the pleadings, which motion we treated as a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. Said motion was held under advisement and testimony on the merits was presented. Now, for the reasons hereinafter stated, defendant's motion is GRANTED.

The pertinent facts as set forth in the Complaint may be briefly recited: Plaintiff, Brent Zeller, is a student in the Donegal School District. Under the Athletic Rules and Regulations of the Donegal School District, no player is allowed to participate in interscholastic athletic activities unless his hair is trimmed in accordance with the following regulation, which has been in effect since May 1970:

As a member of the Donegal School Athletic Team you are expected to understand that the REAL ATHLETE:

\* \* \* \* \* \*

18. Keeps his hair neat and clean at all times, trimmed above the ears and neatly trimmed in back

\* \* \*

Plaintiff was denied the right to participate in the activities of the Donegal High School Soccer Team pursuant to said regulation. He thereupon brought this suit pursuant to the Civil Rights Act, 42 U.S.C. 1983, and 28 U.S.C. 1343(3), challenging the constitutionality of said rule under the First and Fourteenth Amendments on the grounds that there is no basis in fact for the regulation, alleging that it was not designed to protect the health, safety or welfare of the students and that the length of hair in no way impedes performance in soccer.

Before considering this case on the merits, we must determine whether regulations pertaining to students' hair styles involve a substantial federal question requiring this Court to exercise jurisdiction. This issue is a matter of first impression in this District, and our research discloses no case directly on point in either the United States Supreme Court or our Third Circuit Court of Appeals. The other Circuit Courts are sharply divided on the constitutionality of regulations pertaining to hair styles in the public schools. Students

have prevailed in the First and Seventh Circuits. *E. g.*, Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970); Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), cert. denied, 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268 (1970); Crew v. Cloncs, 432 F.2d 1259 (7th Cir. 1970). And the schools have prevailed in the Fifth, Sixth and Ninth Circuits. *E. g.*, Stevenson v. Board of Education of Wheeler County, Georgia, 426 F.2d 1154 (5th Cir.), cert. denied 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970); Jackson v. Dorrier, 424 F.2d 213 (6th Cir.), cert. denied, 400 U.S. 850, 91 S.Ct. 55, 27 L. Ed.2d 88 (1970); King v. Saddelback Junior College, 445 F.2d 932 (9th Cir. 1971). The Circuit most recently presented with the issue, the Tenth Circuit, refused to recognize a hair style controversy as a federal question. Freeman v. Flake, 448 F.2d 258 (10th Cir. 1971).[1]

A division of authority also exists among the District Courts in this Circuit. Two cases have ruled in favor of students. Axtell v. LaPenna, 323 F. Supp. 1077 (W.D.Pa.1971); Martin v. Davison, 322 F.Supp. 318 (W.D.Pa. 1971). And one case has ruled in favor of the school board. Gere v. Stanley, 320 F.Supp. 852 (M.D.Pa.1970). Significantly, the most recent case within the Third Circuit reached a conclusion similar to that of the Tenth Circuit and refused to hear the case because of the absence of a substantial federal question. Stull v. School Board of Western Beaver Junior-Senior High School, et al., Civil Action No. 70–1224 (W.D.Pa. June 2, 1971).

While the United States Supreme Court has yet to rule on this issue, at least one Justice of that Court has given his opinion on the jurisdiction of the federal courts to hear "hair" cases. Justice Black, in denying an application to vacate a stay of injunction pending appeal in Karr v. Schmidt, 401 U.S.

---

1. Our research discloses only two reported cases involving hair length regulations and athletic participation. In these cases a similar split exists. Compare, Neuhaus v. Torrey, 310 F.Supp. 192 (N.D.Cal. 1970) (regulation upheld) and Dunham v. Pulsifer, 312 F.Supp. 411 (D.Vt.1970).

1201, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971) reached the same conclusion as the Tenth Circuit in *Freeman* and the Western District of Pennsylvania in *Stull*. He stated:

> I refuse to hold for myself that the federal courts have constitutional power to interfere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold that they have such power. * * *
>
> * * * The only thing about it that borders on the serious to me is the idea that anyone should think the Federal Constitution imposes on the United States courts the burden of supervising the length of hair that public school students should wear. The records of the federal courts, including ours, show a heavy burden of litigation in connection with cases of great importance—the kind of litigation our courts must be able to handle if they are to perform their responsibility to society. * * * Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of in which States are more capable of deciding than the length of the hair of school boys. *Id.* at 1202, 1203, 91 S.Ct. at 592, 593.

After listening to oral argument and examining the cases, we are convinced that the *Freeman* and *Stull* cases and Justice Black's reasoning in *Karr* set forth the most logical basis for a determination of the instant case. These cases all concerned school regulations pertaining to the length of students' hair and were brought to Court, as was the instant case, under the Civil Rights Act, 42 U.S.C. 1983 and 28 U.S.C. 1343(3). These cases all hold that the responsibility for determining the constitutionality of "hair" regulation rests in the State courts. As was stated by Judge Miller of our Western District, in *Stull:*

The educational process for the citizens of Pennsylvania is a state responsibility. The Constitution of Pennsylvania directs the legislature to "provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth," Art. 3, Section 14, and the school systems are agencies of the state legislature for the administration of this constitutional duty. Wilson et ux. v. Philadelphia School District, et al., Appellants, 328 Pa. 225 [195 A. 90] (1937). The State, therefore, has the paramount interest in prescribing rules and regulations for its public school systems and in maintaining order and discipline therein. Disputes arising from the enforcement of school dress and grooming codes are purely local matters.

While we are in sympathy with the plaintiff's desire to choose his own hair style, we nevertheless recognize that a public school system cannot operate without regulations uniformly applicable to all its students; and that the reasonableness of any regulation concerning hair style can better be determined at the local level. Because of the Commonwealth's special interest in its educational system and the lack of a substantial federal question in Donegal School District's refusal to allow plaintiff to participate in soccer, this case should be decided through local procedures including, if necessary, the Commonwealth and its courts. We are convinced as was Judge Breitenstein in *Freeman, supra,* that:

> * * * (T)he United States Constitution and statutes do not impose on the federal courts the duty and responsibility of supervising the length of a student's hair. The problem, if it exists, is one for the states and should be handled through state procedures. *Id.* 448 F.2d at 259.

Accordingly, defendant's motion to dismiss was granted, and our Order of October 26, 1971 was issued.