Richard John **FARMER** and Clinton E. Gaither, Plaintiffs,

v.

George B. **CATMULL** and Salt Lake City Corporation, Defendants.

No. C 93–71.

United States District Court, D. Utah, C. D.

Jan. 31, 1972.

## MEMORANDUM OPINION

ALDON J. ANDERSON, District Judge.

Plaintiffs were employees of Salt Lake City, Utah working for the Streets Department. Commissioner George B. Catmull, one of the defendants, was in charge of this area. He was responsible for the adoption of a work regulation governing grooming and appearance. One provision stated: "Hair may be worn full, but in no event to hang over ears or collars." Plaintiffs allege that they were discharged solely by reason of the fact that they were found by the Commissioner to be in violation of this regulation as to hair. The plaintiff Farmer had an administrative hearing and was reinstated, and immediately thereafter was again discharged because of violation of the regulation. Plaintiffs Farmer and Gaither filed a complaint together, and plaintiff Chatterton filed subsequently, and on motion the cases were consolidated.

Essentially, the plaintiffs in their complaints claim the right to wear their hair at any length, and that this is guaranteed under Amendments I, IV, V, IX and XIV of the Constitution of the United States. They assert that the work regulation in question was under color of law and unconstitutional as a deprivation of such right. Further, due to their discharge and the claimed malice involved, they claim loss of wages, jobs, etc., and ask for general and punitive damages. Under claim of deprivation of a constitutional right the actions have been brought under the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1985, and 28 U.S.C. §§ 1343, 2201, and 2202. The amount in controversy exceeds $10,000.

Defendants have filed a motion to dismiss plaintiffs' complaints and amended complaint. They have urged that there is no deprivation of any constitutional right; that the court lacks jurisdiction; that the Civil Rights Act does not apply to municipal bodies; that this court should refrain from handling the matter

Curtis K. Oberhansley, Salt Lake City, Utah, for plaintiffs.

Roger Cutler, Asst. Salt Lake City Atty., Salt Lake City, Utah, for defendants.

due to comity; and that the regulation in any event is not one passed under color of law.

A case having critical bearing on the one before the court is that of Freeman v. Flake, 448 F.2d 258 (1971), from our own United States Court of Appeals, Tenth Circuit. There were three cases before the court, all involving hair styles of male students in state public schools. The court noted that the students wanted to express their individuality, and the school board offered justification. There was nothing to indicate the regulations were motivated by other than legitimate school concerns. There also, reliance was placed on Amendments I, IV, VIII, IX, X, and XIV of the United States Constitution and on the "penumbra" of rights incident thereto. In striking down the complaints of the students, the court made some significant rulings which of necessity affect the case at hand.

They cite with approval from Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co., 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626, and state as follows:

> The existence of a Section 1983 remedy does not require that federal courts entertain all suits in which unconstitutional deprivations are asserted. A federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion but in essence and effect.'

In all of the three cases consolidated in the *Freeman* case, the test of reasonableness was applied to the questioned regulations. The court stated:

> We doubt the applicability of the test of reasonableness in the determination of the nebulous constitutional rights here asserted. The issue should not turn on views of a federal judge relating to the wisdom or necessity of a school regulation controlling the length of hair worn by a male student in a state public school.

They also held: "The hodgepodge reference to many provisions of the Bill of Rights and the Fourteenth Amendment shows uncertainty as to the existence of any federally protected right," and held:

> Complaints which are based on nothing more than school regulations of the length of a male student's hair do not 'directly and sharply implicate basic constitutional values and are not cognizable in the federal courts under the principle stated in Epperson v. Arkansas.' 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228.

As to the claimed First Amendment right of free speech, they said:

> The wearing of long hair is not akin to pure speech. At the most it is symbolic speech indicative of expressions of individuality rather than a contribution to the storehouse of ideas. With reference to the draft card burning cases, United States v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 20 L.Ed.2d 672: 'We cannot accept the view that an apparently limitless variety of conduct can be labeled "speech" whenever the person engaging in the conduct intends thereby to express an idea.' Recognition of the principle that neither students nor teachers "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate," 393 U.S. at 506, 89 S.Ct. at 736, does not mean that the First Amendment contains an express command that the hair style of a male student in the public schools lies within the protected area. *Id.* 448 F.2d at 260–261.

They state that:

> . . . . The United States Constitution and statutes do not impose on the federal courts the duty and responsibility of supervising the length of a student's hair. The problem, if it exists, is one for the states and should be handled through state procedures. In Ferguson v. Skrupa, 372 U.S. 726, 730, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93, the court said that the courts will not "substitute their social and economic beliefs for the judgment of legislative bodies."

While the facts of this case involve a work regulation governing the appearance of employees rather than a school regulation, logically it seems that the rulings of the court in the *Freeman* case are nonetheless applicable here. If the right to wear hair at any length is not a constitutional right, then it wouldn't matter whether it was a school regulation or a work regulation involved. There just wouldn't be a deprivation of a constitutional right. There are no facts in the case at hand that would elevate the situation to one of constitutional status, nor "directly and sharply implicate basic constitutional values" and thus "are not cognizable in the federal courts . . . ."

The court in the *Freeman* case observed that the field of education was one of primary concern to the states, and that the states should, through their school authorities and courts, determine what, if any, hair regulation was necessary for the management of their schools. It would seem similarly true that state and city authorities may be concerned with the problems incident to providing public services with employees appropriately groomed and dressed, as they believe, to provide proper public image, safety, and employee morale. Consequently, in the present case it should be determined through the appropriate authorities and the state courts what hair regulation, if any, was necessary for the proper administration of their public charge and the employees assisting them in that regard. Under such circumstances as the present, it should not be the responsibility of the federal courts to act as a reviewing medium for a work rule, regulation, or requirement laid down by local government for the administration and discipline of employees.

While it is recognized that the federal court has the duty to redress violations of an individual's constitutional rights, the facts in the present case do not show that such a right has been infringed. A complaint based on nothing more than a local employment regulation regulating the length of an employee's hair does not "directly and sharply implicate basic constitutional values."

For the foregoing reasons, the motion of defendants to dismiss the complaint and amended complaints of the plaintiffs is granted.