Lawrence J. KRAUS, a minor, by T. E. Lauer, Next Friend, Respondent,

v.

The BOARD OF EDUCATION OF the CITY OF JENNINGS, State of Missouri, a Body Politic and Corporate, et al., Appellants.

No. 57597.

Supreme Court of Missouri, Division No. 2.

March 12, 1973.

Motion for Rehearing or Transfer to Court En Banc Denied April 9, 1973.

Phillip Frederick Fishman, St. Louis, for respondent.

Erwin Tzinberg, J. William Newbold, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for appellants.

DONNELLY, Judge.

This case involves the constitutionality of regulations pertaining to the length of hair of male students in the public schools of this State.

On June 28, 1971, the Board of Education in Jennings, Missouri, as a result of previous fights and disturbances between "long haired" and "short haired" students in the Jennings High School, adopted a dress code. On or about September 7, 1971, plaintiff Kraus, a minor, seventeen years of age, was refused permission to register as a senior student because his hair was too long.

On October 14, 1971, plaintiff filed this action for injunctive relief and declaratory judgment in the Circuit Court of St. Louis County. His petition reads, in part, as follows:

"WHEREFORE, plaintiff Kraus respectfully prays that because the acts sought to be restrained are continuing and constitute immediate danger of increasing irreparable damage and injury to plaintiff's rights pending this court's granting of a temporary injunction, this Court grant

a Temporary Restraining Order to the same effect which would:

"(a) Restrain defendants during the pendency of this action from refusing to admit plaintiff to the High School;

"(b) Restrain defendants during the pendency of this action from enforcing or attempting to enforce against plaintiff any rule or regulation which regulates the length of his hair;

"(c) Restrain defendants during the pendency of this action from refusing to allow plaintiff to make up any school work he may have missed since September 7, 1971;

"(d) Order defendants to expunge any disciplinary actions from his academic record.

"ADDITIONALLY, plaintiff prays that this Court grant a Permanent Injunction:

"(e) Enjoining defendants from enforcing or attempting to enforce any rule or regulation not pertaining to health or safety which regulates the length of any student's hair. ·

"(f) Enjoining defendants from disciplining, punishing, or in any other way acting discriminatorily or prejudicially toward plaintiff solely because of the length of his hair or because of his participation as party plaintiff in this action."

On November 8, 1971, the trial court heard the matter and ruled "in favor of plaintiff and against defendants." On November 22, 1971, the trial court entered Conclusions of Law, which read, in part, as follows:

"4. That defendants have demonstrated a need for a dress code to maintain proper discipline but that this Court believes itself to be bound by Bishop v. Colaw, 450 F.2d 1069, rendered by the United States Court of Appeals for the 8th Circuit on October 27, 1971, which Court concluded that an almost identical hair-length code adopted by the St. Charles Board of Education was unconstitutional in violation of the Ninth Amendment to the United States Constitution.

"5. That the defendants' rules and regulations dealing with hair length and style are therefore unconstitutional and therefore, void."

On November 30, 1971, defendants' after-trial motions were overruled, and an appeal to this Court followed.

On March 7, 1972, the transcript of the record was filed in this Court. On June 19, 1972, Kraus moved to dismiss the appeal because "the issue before the Court is moot, since Respondent graduated from Jennings Senior High School on June 8, 1972 * * *, and is therefore no longer subject to any rules or regulations promulgated by appellants."

■ The order of the trial court declared the dress code unconstitutional and void. We agree the issue before this Court is moot insofar as Kraus is concerned. It is not moot insofar as appellants' operation of the school is concerned. The motion is denied.

In Bishop v. Colaw, supra, 8th Cir., 450 F.2d 1069, 1075, 1076 (October 27, 1971), the Court struck down the dress code regulation governing the hair length and style of male students in the St. Charles, Missouri, High School. The Court held that Stephen Bishop "possessed a constitutionally protected right to govern his personal appearance while attending public high school," and that the school administration had failed to carry "the burden of establishing the necessity of infringing upon Stephen's freedom in order to carry out the educational mission of the St. Charles High School."

■ We must conclude that the trial court erred in considering itself bound by the *Bishop* case. State court judges in Missouri are bound by the "supreme law of the land," as declared by the Supreme Court of the United States (Art. VI, Constitution of the United States.) We are not bound by general declarations of law made by lower federal courts. In United States ex rel. Lawrence v. Woods, 7th Cir.,

432 F.2d 1072, 1075, 1076, cert. denied 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148, the Court said:

"The Supreme Court of the United States has appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower courts whether state or federal. On the other hand, because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts.

"[5, 6] Of course in a given factual setting when a lower federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process. But that is not the situation here."

In King v. Saddleback Junior College District, 9th Cir., 445 F.2d 932, 940 (June 25, 1971), the Court upheld provisions of dress codes providing for limitations on the length of hair of male students in two California schools, and said:

"This is not a question of preference for or against certain male hair styles or the length to which persons desire to wear their hair. This court could not care less. It is a question of the right of school authorities to develop a code of dress and conduct best conducive to the fulfillment of their responsibility to educate, and to do it without unconstitutionally infringing upon the rights of those who must live under it. We do not believe that the plaintiffs have established the existence of any substantial constitutional right which is in these two instances being infringed. We are satisfied that the school authorities have acted with consideration for the rights and feelings of their students and have enacted their codes, including the ones in question here, in the best interests of the educational process. A court might

disagree with their professional judgment, but it should not take over the operation of their schools. Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968)."

In Freeman v. Flake, 10th Cir., 448 F.2d 258, 261, 262 (September 28, 1971), the Court upheld similar provisions in Utah, New Mexico, and Colorado schools, and said:

"The states have a compelling interest in the education of their children. The states, acting through their school authorities and their courts, should determine what, if any, hair regulation is necessary to the management of their schools. In speaking of judicial interposition in the operation of the public school systems, the Supreme Court said in Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228:

'By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values.' "

On March 27, 1972, certiorari was denied (405 U.S. 1032, 92 S.Ct. 1292, 31 L. Ed.2d 489) in the *Freeman* case, with Mr. Justice Douglas expressing himself in dissent as follows:

"Today the Court declines to decide whether a public school may constitutionally refuse to permit a student to attend solely because his hair style meets with the disapproval of the school authorities. The Court also denied certiorari in Olff v. East Side Union High School District, 404 U.S. 1042, 92 S.Ct. 703, 30 L.Ed.2d 736, which presented the same issue. I dissented in *Olff*, and filed an opinion. For the same reasons expressed therein, I dissent today. I add only that now eight circuits have passed on the question. On widely disparate rationales, four have upheld school hair

regulations (see Freeman v. Flake, 448 F. 2d 258 (C.A.10, 1971); King v. Saddleback Junior College District, 445 F.2d 932 (C. A.9, 1971); Jackson v. Dorrier, 424 F.2d 213 (C.A.6, 1970); and Ferrell v. Dallas Independent School District, 392 F.2d 697 (C.A.5, 1968), and four have struck them down (see Massie v. Henry, 455 F.2d 779 (C.A.4, 1972); Bishop v. Colaw, 450 F.2d 1069 (C.A.8, 1971); Richards v. Thurston, 424 F.2d 1281 (C.A.1, 1970); and Breen v. Kahl, 419 F.2d 1034 (C.A.7, 1969)).

"I can conceive of no more compelling reason to exercise our discretionary jurisdiction than a conflict of such magnitude, on an issue of importance bearing on First Amendment and Ninth Amendment rights."

In Karr v. Schmidt, 401 U.S. 1201, 1202, 91 S.Ct. 592, 27 L.Ed.2d 797 (February 11, 1971), Mr. Justice Black, in a proceeding asking him, as Circuit Justice, to vacate stay of injunction pending appeal, referred to the District Court's injunction forbidding El Paso, Texas, school authorities from enforcing a dress code as follows:

"I refuse to hold for myself that the federal courts have constitutional power to interfere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold they have such power. It is true that we have held that this Court does have power under the Fourteenth Amendment to bar state public schools from discriminating against Negro students on account of their race but we did so by virtue of a direct, positive command in the Fourteenth Amendment, which, like the other Civil War Amendments, was primarily designed to outlaw racial discrimination by the States. There is no such direct, positive command about local school rules with reference to the length of hair state school students must have. And I cannot now

predict this Court will hold that the more or less vague terms of either the Due Process or Equal Protection Clause have robbed the States of their traditionally recognized power to run their school systems in accordance with their own best judgment as to the appropriate length of hair for students."

We, too, decline to speculate as to what the "supreme law of the land" will be on the question. It would serve no useful or proper purpose for us to comment on the holding in the *Bishop* case. It is enough to say: (1) that we do not agree with it; and (2) that we agree with the position, supra, taken by the Ninth Circuit in the *King* case. The judgment must be reversed and the cause remanded with directions to dissolve the permanent injunction.

We would hope that the controversies have now subsided and that it will not be necessary for the Board to again institute the dress code. If it does, and its action is contested, the trial court will follow Missouri law to the effect that the limits of the Board's discretion, in so acting, "should extend no further than may be found reasonably necessary to promote the intelligent conduct and control of the school * * *." Wright v. Board of Education, 295 Mo. 466, 246 S.W. 43, 47 (1922). Of course, if by then the United States Supreme Court has spoken directly to the question, the trial court will follow the "supreme law of the land" as declared by the Court.

The judgment is reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.

MORGAN, P. J., HENLEY, J., and FINCH, C. J., concur.