Don GILLETTE et al.,
Plaintiffs-Appellants,

v.

William McNICHOLS et al.,
Defendants-Appellees.

No. 74–1738.

United States Court of Appeals,
Tenth Circuit.

May 29, 1975.

Earl S. Wylder, Denver, Colo., for plaintiffs-appellants.

Brian H. Goral, Asst. City Atty., Denver, Colo. (Max P. Zall, City Atty., on the brief), for defendants-appellees.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

This appeal is taken from a judgment dismissing a Civil Rights action brought pursuant to the provisions of 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343. Jurisdiction on appeal vests by virtue of 28 U.S. C.A. § 1291.

The appellants, Don Gillette and Don Brenneis, as well as the individual members of the appellant Denver Sheriff's Union Local 827 (hereinafter referred to collectively as "deputy sheriffs"), seek to have certain provisions of the Charter and ordinances of the City and County of Denver declared unconstitutional, and to enjoin the named appellees (hereinafter referred to as "city") from enforcing them. Specifically, appellants allege that they are deputy sheriffs and peace officers of the City and County of Denver; that as such they perform hazardous and valuable services similar to those performed by police officers and firemen; that they are being discriminated against in regard to their employment, compensation, benefits, rights and privileges by virtue of certain provisions of the Charter and ordinances under which they are classified and treated differently than police officers and firemen; and that such Charter provisions and ordinances are unconstitutional in

that they deny deputy sheriffs equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.[1]

In dismissing the complaint and action, the Trial Court, in its memorandum opinion and order filed September 25, 1974, stated:

> The plaintiffs' counsel does not dispute the applicability of the rational basis test but urges that the Court take evidence on that subject. *While an evidentiary inquiry would normally be necessary to consider this issue,* this case presents the question of a classification made by the qualified electors of the City and County of Denver. *It is difficult to see how this Court can presume to say that theirs was not an informed decision or to presume that they acted irrationally.*

It was made clear by the Supreme Court of Colorado in International Brotherhood of Police Officers, Local No. 127 v. City and County of Denver, 521 P.2d 916 (1974), that deputy sheriffs in the City and County of Denver do not have any powers by operation of general state law; but, they exercise those powers and perform those duties given to them by the charter, ordinances and regulations of Denver and its manager of safety.

*Whatever evidence may be offered as to the comparability of these duties with those of police officers could not override the decision of the Denver voters* in separating firemen and policemen from all other city employees. *In sum, it is the view of this Court that the fact that the classification here in question results from provisions adopted by a vote of the public in itself establishes a rational basis for that classification.* (Emphasis supplied).

The Trial Court's rationale is similar to that relied upon in Lisco v. Love, 219 F.Supp. 922 (D.C.Colo.1963), reversed 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632 (1964). The majority of the three-judge panel there stated:

> Difficult as it may be at times to understand mass behavior of human beings, a proper recognition of the judicial function *precludes a court from holding* that the free choice of the voters between two conflicting theories of apportionment *is irrational or the result arbitrary.* . . . On the questions before us we shall not substitute any views which we may have for the decision of the electorate . . . we declined to act as a super-electorate *to weigh the rationality* of a method of legislative apportionment *by a decisive vote of the people.* (Emphasis supplied).

219 F.Supp. 922, at 932–933.

In Lucas v. Forty-fourth General Assembly of Colorado, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632 (1964), however, the United States Supreme Court specifically refuted the rationale relied upon by the court below:

> An individual's constitutionally protected right to cast an equally weighted vote cannot be denied even by a vote of a majority of a State's electorate . . . that an apportionment plan is adopted in a popular referendum *is insufficient to sustain its constitutionality* or to induce a court of equity to refuse to act. As stated by this Court in West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 638, 63 S.Ct. 1178, 87 L.Ed. 1628, "One's right to life, liberty, and property . . . and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections." A citizen's constitutional

1. In summary, the provisions complained of here establish that, while policemen, firemen and deputy sheriffs all fall under the control of the "Department of Safety", there are special charter provisions establishing a retirement system, sick leave and disability benefits, and salaries for policemen and firemen, whereas similar benefits for deputy sheriffs are established (apparently at a somewhat lower level), by the City Council relying upon recommendations made by the "Career Service Authority."

rights can hardly be infringed simply because a majority of the people choose that it be. We hold that the fact that a challenged legislative apportionment plan was approved by the electorate *is without federal constitutional significance*, if the scheme adopted fails to satisfy the basic requirements of the Equal Protection Clause . . .. (Emphasis supplied).

377 U.S. 713, at 736–737, 84 S.Ct. 1459, 1474, 12 L.Ed.2d 632.

■ We hold the above reasoning to be applicable to and dispositive of the instant case. In so holding, we have no dispute with this rule relied upon by the City:

In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970).

We are compelled to hold, however, that a "reasonable basis" is not *necessarily* established "by a vote of the public *in itself*."

■ We are not persuaded by the City's attempt to distinguish the *Lucas* decision from the case at bar by its contention that "a rational basis exists in law for the classification of sheriffs separating them from police officers and firemen, because in Denver, deputy sheriffs are not police officers and have no

police power" [relying upon International Brotherhood of Police Officers, Local No. 127 v. City and County of Denver, 521 P.2d 916 (Colo.1974)]. Whether there was, in fact, a rational basis for the disputed classification (other than the "vote" of the electorate) was precisely the issue upon which the deputy sheriffs sought to present evidence. This opportunity was denied them by the Trial Court.[2]

■ Although no precise formula has been developed, the Courts have held that the Fourteenth Amendment permits the states a wide scope of discretion in enacting laws which affect some group of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the states' objectives. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); New Rider v. Board of Education of Independent School District No. 1, Pawnee County, Oklahoma, 480 F.2d 693 (10th Cir. 1973), cert. denied, 414 U.S. 1097, 94 S.Ct. 733, 38 L.Ed.2d 556 (1973).

■ City contends that appellants have failed to exhaust administrative remedies and that their complaint is thereby fatally defective. This contention is without merit. It is well established that exhaustion of state administrative remedies is not required of a party seeking relief under the federal Civil Rights statutes. The remedies provided thereunder are supplementary to any pertinent state remedies. Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); McNeese v. Board of

---

**2.** We note that while the City repeatedly contends that the instant decision should be upheld because no evidence could be introduced to establish that the functions performed by the police and the deputy sheriffs are *so comparable as to place them within the same class*, and that they cannot, therefore, complain of being treated differently, *that this was not the holding of the Trial Court.* It did not reach this issue. Rather, the Trial Court held that *no amount of evidence as to the comparability of police and deputy sheriff's functions could overcome the presumption of "reasonableness" of the classification established by the "vote of the public."* Thus, the Court did not specifically consider—nor are we prepared to hold at this point that it is established as a matter of law—whether the subject classification could be supported upon another basis.

Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Freeman v. Flake, 448 F.2d 258 (10th Cir. 1971), cert. denied, 405 U.S. 1032, 92 S.Ct. 1292, 31 L.Ed.2d 489 (1972).

On the basis of the dismissal grounds discussed above, we are not enlightened as to either the relevant facts or the applicable law with respect to the merits of the deputy sheriffs' claim.

Reversed and remanded.

McWILLIAMS, Circuit Judge (dissenting):

I would affirm the judgment of the trial court dismissing the complaint for failure to state a claim upon which relief could be granted on the basis of International Brotherhood of Police Officers, et al. v. City and County of Denver et al., 521 P.2d 916 (Colo.1974). In that case it was determined that a sheriff's duties within the City and County of Denver are not the same as those of the local Denver police. Under that ruling the sheriffs cannot claim discrimination because the terms and conditions of their employment are not the same as those of the Denver police.