**Fred Leland WRAY, Plaintiff,**

v.

**Raymond KIRKLAND and Maryland Gentry, Defendants.**

**No. CIV-81-563-D.**

United States District Court,
W. D. Oklahoma.

April 30, 1981.

Fred Leland Wray, pro se.

No appearance for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff herein is incarcerated at the Oklahoma State Reformatory, Granite, Oklahoma, and has been permitted to file, *in forma pauperis*, his civil rights complaint pursuant to 42 U.S.C. § 1983, invoking the jurisdiction of this court pursuant to 28 U.S.C. § 1343(3). Defendants are the Sheriff of LeFlore County, Oklahoma and his secretary. In his complaint, he asserts that certain letters sealed, stamped and given to a jail official for mailing, were opened, pre-

sumably read, re-sealed and mailed. He provides affidavits from two addressees and envelopes postmarked January 27, January 30 and February 2, 1981, in Poteau, Oklahoma, apparently the envelopes allegedly opened and resealed.

Plaintiff seeks $1,500,000 punitive damages; preliminary and permanent injunctive relief; a jury trial; costs; attorneys' fees; and such other relief as is proper.

In *Wells v. Ward*, 470 F.2d 1185 (10th Cir. 1972), the court notes that the rights and duties arising under the Fourteenth Amendment which must be evaluated in § 1983 cases are often different from common law actions arising under state substantive law and the same set of facts may give rise to remedies under both § 1983 and state law, but that such is not always the case. The court gives the example of common law assault, where the mere placing of another in apprehension of bodily harm constitutes the offense, and battery, where the offense is constituted by the slightest unprivileged touching of another. The court then states:

"It does not follow that all such invasions however trivial or frivolous serve to activate remedies under the due process clause of the Fourteenth Amendment as well as those parts of the Bill of Rights which are incorporated in and made a part of due process."

The court noted that in adopting § 1983 in the nineteenth century, the Congress had in mind the aggravated lawless conduct which then obtained. The court, in support of this determination that an invasion must be of true substance, quoted from the opinion of Judge Breitenstein, in *Freeman v. Flake*, 448 F.2d 258 (10th Cir. 1971), as follows:

"The remedy provided by § 1983 is supplementary to any pertinent State remedy. See *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, [481], 5 L.Ed.2d 492 .... The proliferation of litigation resulting from the expanded use of § 1983 is apparent to anyone familiar with the reported decisions of the courts of the United States. The existence of the § 1983 remedy does not require that fed-

**54**

eral courts entertain all suits in which unconstitutional deprivations are asserted. A federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion, but in essence and effect.' *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.,* 252 U.S. 388, 397, 40 S.Ct. 404, 408, 64 L.Ed. 626 . . . ."

In *New Rider v. Board of Education,* 480 F.2d 693 (10th Cir. 1973), *cert. denied,* 414 U.S. 1097, the following statement is made: "Federal courts have the duty to entertain only *solid claims* of constitutional restraints under 'color' of state law. *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966), *cert. denied,* 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 . . . (1967). Courts must conduct the 'balancing test' referred to in *Barker v. Wingo, Warden,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 . . . (1972), in avoiding rigidity which would frustrate common sense, even when dealing with constitutional rights. Constitutional rights . . . are not absolutes."

Plaintiff does not allege that his outgoing mail was censored, that any of the contents were removed and not replaced or that the mailing or delivery of any of it was delayed. Clearly, the mail in question was not "legal" mail, addressed to attorneys or the courts. Plaintiff's sole allegation, for which he demands $1,500,000 in punitive damages and other relief, is that his sealed outgoing mail was opened and resealed.

Assuming that plaintiff could establish his allegations in their entirety, this court is of the opinion that he has not shown a deprivation of any right guaranteed him by the United States Constitution. Certainly, his is not the "solid claim" required by the decisions cited above.

Plaintiff in this case has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Even though such leave has been granted, it is entirely proper to dismiss an action at any time the court is satisfied that it is frivolous or malicious. *Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972), *cert. denied,* 410 U.S. 958,

93 S.Ct. 1431, 35 L.Ed.2d 692. The test for determining frivolity is whether the plaintiff can make a rational argument on the law or the facts to support his claim. *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976).

 Based upon its review of plaintiff's civil rights complaint and upon the authorities cited herein, this court is satisfied that plaintiff can make no argument on the facts or applicable law which would support his claim for relief under 42 U.S.C. § 1983, and that moreover, plaintiff's complaint herein is one of mere form and not of substance. His complaint therefore should be dismissed.

IT IS SO ORDERED.